IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-80874 |
| | ) | |
| BLUEJAY LAWN & LANDSCAPE, LLC, | ) | CH. 11 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on July 9, 2007, on the debtor's Motion to Approve Compromise Under Rule 9019 (Fil. #143), and an Objection thereto filed by the Iowa Department of Revenue (Fil. #146), and on the debtor's Motion to Sell Motor Vehicles (Fil. #144) and objection by the Iowa Department of Revenue (Fil. #147). Douglas E. Quinn appeared on behalf of the debtor, and John E. Waters appeared on behalf of the Iowa Department of Revenue. Admitted into evidence were the Affidavit of William Watson (Fil. #151) and the Affidavit of Ronald Eike (#153).

The debtor, pre-petition, incurred a retail use tax obligation to the State of Iowa. During the pendency of the case, the Iowa Department of Revenue, in addition to filing a claim in the bankruptcy case, notified Ronald Eike that it considered him a responsible party for payment of the tax obligation because he was a member of the limited liability company. Mr. Eike acknowledged that he was a member of the limited liability company, but denied that he was such a member during the time the tax obligation was incurred by the debtor. In order to settle the dispute with the Iowa Department of Revenue, Mr. Eike made an offer in compromise, which was accepted, and he thereafter paid $4,000.00 to the Iowa Department of Revenue.

Separately, the debtor has entered into a compromise with Mutual First Federal Credit Union, a creditor that claimed a security interest in three vehicles. The debtor challenged the validity and extent of the liens claimed by the credit union. Eventually, the parties entered into a stipulation by which the debtor would agree that the credit union was secured by an interest in one of the vehicles, and the credit union would agree that the debtor owned the two other vehicles free and clear of any liens.

As part of the same stipulation, the debtor agreed to sell the two vehicles to Mr. Eike for a total of $6,600.00, including $2,600.00 cash and a credit for the $4,000.00 Mr. Eike paid to the Iowa Department of Revenue on behalf of the debtor.

The Iowa Department of Revenue has objected to the sale of the vehicles to Mr. Eike because officials of the Iowa Department of Revenue assert that Mr. Eike is simply an unsecured creditor and to allow him to purchase the vehicles by crediting his contribution to the Iowa Department of Revenue would permit his unsecured claim to be paid ahead of priority and administrative claims.

The objection of the Iowa Department of Revenue is denied. The motion requesting approval of the compromise with the credit union and requesting approval of the sale of the two vehicles to Mr. Eike is granted.

It is clear that the debtor owes the tax. It is not clear that Mr. Eike owed any of the tax. That matter could have been litigated, but was settled by a payment from Mr. Eike which reduced the general unsecured claim of the Iowa Department of Revenue. Such payment was made post-petition and can be allowed as an administrative expense under 11 U.S.C. § 503. Although there are other creditors with claims of the same priority as the Iowa Department of Revenue, no other creditor has objected. The Iowa Department of Revenue has benefitted by the payment of $4,000.00 from Mr. Eike and it is not harmed in any way by the approval of the motion.

IT IS ORDERED that the debtor's Motion to Approve Compromise Under Rule 9019 (Fil. #143) and Motion to Sell Motor Vehicles (Fil. #144) are granted.

DATED: July 9, 2007.

BY THE COURT:

 /s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Douglas E. Quinn
    John E. Waters
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.